IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SUSAN DUKE OLLIFF,

         Plaintiff,

    v.

FEDEX GROUND PACKAGE
SYSTEM, INC., *et al.*,

         Defendant.

CIVIL ACTION FILE

NO. 1:05-CV-1502-WSD-AJB

### ORDER FOR SERVICE OF
### REPORT AND RECOMMENDATION

Attached is the Report and Recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b), and N.D. Ga. R. 72.1(D)(2). Let the same be filed and a copy, with a copy of this order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Report and Recommendation within ten (10) days of receipt of this Order. Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to any transcripts if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District

AO 72A
(Rev.8/8
2)

Court. If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is directed to submit the Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED**, this 10th  day of November , 2005.


 S/ Alan J. Baverman
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SUSAN DUKE OLLIFF,

          Plaintiff,

v.

FEDEX GROUND PACKAGE
SYSTEM, INC., *et al.*,

          Defendant.

CIVIL ACTION FILE

NO. 1:05-CV-1502-WSD-AJB

## REPORT AND RECOMMENDATION

This matter is before the Court on the Court's order directing Plaintiff to show cause in person why she had not complied with the Court's September 20, 2005 order directing her to file a Joint Preliminary Statement and Discovery Schedule within ten days. [Doc. 12]. Plaintiff also has failed to serve a defendant pursuant to FED. R.CIV. P. 4(m). For the following reasons, the undersigned **RECOMMENDS** that Plaintiff's complaint be **DISMISSED**.

Plaintiff, through counsel, filed this instant civil rights action on June  8, 2005. [Doc. 1]. The docket sheet in this case indicates that the answer was filed by Defendant FedEx Ground Package System, Inc. ("FedEx"), and issue joined, on July 20, 2005. [Doc. 5]. N.D. Ga. R. 16.2 requires the parties to file a **Joint** Preliminary Statement and Discovery Schedule (JPSDS) within thirty (30) days after the answer is filed by the

AO 72A
(Rev.8/8
2)

defendant. The foregoing document was filed by the Defendant but not jointly with the Plaintiff. [Doc. 7]. FedEx asserts without contradiction that it made attempts to get Plaintiff to comply with the rule, but to no avail. Therefore, it timely filed its own portion of the JPSDS. *See* Doc. 17.

The Court issued a show cause order on September 20, 2005, directing the Plaintiff to file a JPSDS within ten (10) days of the date of the order. [Doc. 12]. Plaintiff did not respond to the Court's Order and no extensions of time had been requested or ordered extending the time for this purpose. Therefore, on October 26, 2005, the Court issued another order, scheduling a show cause hearing for November 9, 2005 at 10:00 a.m., at which Plaintiff was required to show cause why her complaint should not be dismissed. [Doc. 14]. Counsel for FedEx, appeared at this show cause hearing, but both Plaintiff and her lawyer did not.

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules. *See* FED. R. CIV. P. 41(b); *Gratton v. Great American Communications*, 178 F.3d 1373, 1374-5 (11th Cir. 1999); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995); *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). Because

2

dismissal is considered a drastic sanction, a district court may only implement it, as a last resort, when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice. *World Thrust Films*, 41 F.3d at 1456; *Kilgo*, 983 F.2d at 192 (citing a line of Eleventh Circuit cases which have consistently articulated this standard).

Plaintiff now has (1) failed to comply with a local rule of the court (relating to completing and filing the JPSDS), (2) failed to respond in writing despite an order of the court directing her to do so, and (3) failed to appear to show cause as to her failure. The Court considers this a clear pattern of wilful conduct, and not mere negligence. *Beavers v. American Cast Iron Pipe Co.*, 852 F.2d 527, 531 (11th Cir. 1988) ("A finding of such extreme circumstances necessary to support the sanction of dismissal must, at a minimum be based on evidence of willful delay; simple negligence does not warrant dismissal.").

In addition, the Court has considered sanctions less severe than dismissal. First, it scheduled a show cause hearing, at which most plaintiffs and their lawyers appear and advise the Court of either a misunderstanding of their legal obligations, or proffer some, usually personal, reason why compliance with the directives of the Court could

3

(Rev.8/8
2)

not be fulfilled. The failure of Plaintiff and her lawyer to appear at the show cause hearing to explain why she did not comply with the repeated orders of the court undercuts any less severe sanction as a viable alternative to dismissal.

The Court also has considered monetary sanctions. However, since at issue is Plaintiff's failure to abide by lawful directives of the court, monetary penalties will not redress her repeated failures.[1]

Therefore, the undersigned **RECOMMENDS** that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** for her repeated and unjustified failures to comply with lawful orders of the court.

In addition, FED. R. CIV. P. 4(m) authorizes a district court to dismiss a complaint without prejudice for failure to serve the complaint within 120 days. Plaintiff has failed to serve Defendant Franklin B. Turner within 120 days from the date she filed her complaint and has provided no good cause for her failure to do so. Therefore, her complaint against Turner is subject to dismissal without prejudice

---

[1]     On the other hand, if the District Court concludes that Plaintiff's complaint should not be dismissed despite her repeated failures as described above, monetary sanctions reimbursing FedEx for attorney's fees and costs incurred in responding to the Court's show cause order and appearing at the November 9 hearing would be appropriate. Again, however, such monetary penalties would not tend to purge the violations of the court orders.

4

pursuant to Rule 4(m). *See Lau v. Klinger*, 46 F. Supp. 2d 1377, 1380 (S.D. Ga. 1999); *Madison v. BP Oil*, 928 F. Supp. 1132, 1136 (S.D. Ala. 1996).

Accordingly, the undersigned **RECOMMENDS** that Plaintiff's complaint against the defendants be **DISMISSED WITH PREJUDICE**, and that, if the entire case is not dismissed, then her complaint against Franklin B. Turner be **DISMISSED WITHOUT PREJUDICE.**

The Clerk is **DIRECTED** to terminate the reference to the undersigned.

**IT IS SO RECOMMENDED AND DIRECTED,** this the 10th of November, 2005.

S/ Alan J. Baverman
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

5